Carrie O. Meacham et al., Trustees, Defendants in Error, v. Harry H. Lobdell, Trustee, Plaintiff in Error.

Gen. No. 21,811.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

## Statement of the Case.

Action by Carrie O. Meacham, Philo A. Otis and Seymour Morris as trustees, plaintiffs, against Harry H. Lobdell, trustee for Samuel Pitluk and Leo J. Lieberman, copartners, trading as La Salle Street Shoe Store, for pro rata share, by reason of a lease, in moneys recovered by defendant from the sale of assets of such copartners. From a judgment for plaintiffs for $1,754.22, defendant brings error.

Pitluk and Lieberman were lessees of a store under a written lease from plaintiffs for a term beginning May 1, 1912, and ending April 30, 1917, at a monthly rental of $500 payable on the first day of each month during the term. The lessees also agreed to pay lessors for electric light used. In April, 1913, the lessees made an assignment of their property to Lobdell, as trustee, to be converted into money to be used in paying their creditors. The rent of the store due April 1, 1913, was not paid. On April 10th the trustee took possession of the premises and occupied them until April 18th. Plaintiffs claimed that under the terms of the lease, the lessees being in default not only as to rent but on other covenants, the entire rental for the balance of the leased term became due and that plaintiffs were creditors of Pitluk and Lieberman to that amount, that is, from April 1, 1913, to April 30, 1917, at $500 a month, which is $24,500, and to this should be added

a bill of $332.10 for electric light, making a total of $24,832.10; and from this should be deducted the amount paid by the trustee while he was in possession, namely, $124.51, leaving a balance due plaintiffs of $24,707.59. Based upon the allowance of plaintiffs' claim for this amount, judgment was entered for their pro rata share of the moneys in the hands of the trustee.

John C. Farwell, for plaintiff in error.

Edward A. Dicker and Arthur A. Basse, for defendants in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Municipal Court of Chicago, § 24*—*when matters which should have been set up in affidavit of merits not reviewed.* Under the rules of the Chicago Municipal Court, defendant, who was trustee in an assignment for the benefit of the creditors of a copartnership, should have set up the defense that plaintiffs were not parties or beneficiaries of the assignment in the affidavit of merits filed in such suit, and he will be heard only as to those matters of defense specifically set out in his affidavit.

2. Municipal Court of Chicago, § 29*—*when existence of copies of agreement presumed.* Where, in a suit in the Municipal Court of Chicago against the trustee of an assignment for the benefit of a copartnership's creditors, it was contended by defendant that plaintiffs did not sign the agreement of assignment, and it appeared that the document in evidence was signed by only one creditor but that eight other creditors shared in the disposition of the proceeds of the money in the hands of the trustee, and there was no evidence that the copy of the agreement in the record was the only copy or that plaintiffs had not signed another copy, *held* a presumption was raised that there must have been another or other copies of the agreement, one of which may have been signed by plaintiffs.

3. Municipal Court of Chicago, § 18a*—*when verdict correct in form.* Form of verdict in the files *held* correct, even though it may

have been informal, in view of sufficiency of recital in the record as to the verdict returned.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when motion to amend affidavit of defense properly denied.* Motion of defendant to amend his affidavit of defense was properly denied when made several weeks after the conclusion of the trial and when no amendment was presented to the court at the time the motion was made.

5. LANDLORD AND TENANT, § 75*—*when provision of lease for payment of entire amount of rental as liquidated damages upon assignment for benefit of creditors valid.* Where under provisions of a lease it was provided that if lessees should make assignment for benefit of creditors, the lessees should at once pay to the lessors "a sum of money equal to the entire amount of rent by this lease provided to be paid * * * as the liquidated damages of the lessors," *held* that the claim of lessors for such entire amount of rental as liquidated damages was justified under the terms of the lease as against a trustee of the lessees for the benefit of their creditors.